IN THE DISTRICT COURT
FOR THE COUNTY OF LINN
WITHIN THE GREAT STATE OF IOWA

RECEIVED APR 06 2017

CLERK OF DISTRICT COURT 2017 APR 3 PM 3:04 LINN COUNTY, IOWA

STATE OF IOWA, COUNTY OF LINN,
PLAINTIFF
(Respondents)

vs

ROGER DEAN MATICE,
DEFENDANT
(Petitioner)

CASE No.: 17cv22 [FROM 1963]

**FORMAL PETITION SEEKING WAIVER AND DISPOSITION OF CASE INCLUDING THE DISPOSITION OF ALL PENDING WARRANTS, DETAINERS, OR CHARGES ALL BASED UPON THE AGE OF THE CHARGE AND THE DEFENDANT'S CURRENT IMPRISONMENT**

**COMES NOW, PETITIONER, ROGER DEAN MATICE, ("Defendant")**, all as more formally represented in propria personam, sui juris, and acting on his own behalf and as his own legal counsel, hereby moves this Honorable District Court toward GRANT of Waiver and Disposition of the above-styed criminal matter dated from 1963, to which, such pending and active record, be it Warrant, Detainer, or Charge, has resulted in the hinderance of this Defendant's rehabilitative effort which results from the Federal Bureau of Prisons, upon recognition of such outstanding charge, precludes this named Defendant from a myriad of rehabilitative and re-entry programs, including ineligibility from an earlier release while awaiting the formal "discharge" of this record.

**WHEREUPON**, such Petition placed before this Honorable Court shall act as formal notice of the rules and conditions governing the Interstate Agreement on Detainers Act (IADA) as further enumerated under Article IX and Pub.L. §91-538, and further prescribed under Article III(a), all which require this Court to enact the charge, move to extradite the Defendant, and provide a "Speedy Trial" within One Hundred and Eighty (180) days from the date of this filing, or upon waiver of said extradition and trial, to formally dispose of said charge and "clear the record" thereof.

**WHEREFORE**, such dated violation involved a minor infraction, and all such records associated with this pending charge, including the actual case number, have been lost to a "flood" in the year 2008. That under these conditions, and upon this Defendant's current status under the bondage of incarceration, it shall be prayed that this case and charge be waived, closed, and disposed. An accompanying memorandum of law in support of this IADA shall be included contemporaneously herewith.

## JURISDICTIONAL SIGNIFICANCE

LET THIS HONORABLE COURT TAKE NOTICE THAT;

This Honorable Court shall have and hold jurisdictional significance, and shall maintain sufficient coram judice, including personal and subject-matter jurisdiction, all as set forth and prescribed under Title 18 U.S.C. Section §3731, and as further conveyed upon this Court, and divesting all other Courts from their control or interest in these matters or matters associated therein, and in accordance with and pursuant to Title 28 U.S.C. Section §1291 extending venue to the authority of this named Court and no other. See; Griggs vs Provident, 459, U.S., 56. That, such Jurisdictional Significance shall extend to the County of Linn, and the State of Iowa, and finally, to the Linn County District Court.

# FINDINGS OF FACT

LET ALL MEN KNOW BY THESE PRESENTS THAT;

Roger Dean Matice, as Petitioner, hereby represented in propria personam, sui juris, and acting on his own behalf and as his ow legal counsel, approaches this Honorable Court with compos mentis, having sound mind and full faculty, to which, there may exist certain relief from the obligations set forth by Order of the Court under the above-styled case, and for which, Petitioner seeks waiver and disposition of all such Warrants, Detainers, Encumbrances, Fines, Levies, or Court-ordered obligation based upon the following conditions;

WHEREFORE;

1. Petitioner avers that he is a flesh and blood, adult male, currently remaining under the bondage of incarceration within Federal Bureau of Prisons and residing within Federal Correctional Institution Seagoville, Texas under separate and unrelated charges.

2. Petitioner avers that this Honorable Court shall maintain sufficient coram judice, and as such, shall have and hold subject matter jurisdiction under an authority as true and correct, and that such venue shall divest all other courts from their control over matters associated herein.

3. Petitioner avers that he has placed Process of Service upon the named and addressed "Respondent" as set forth within the enclosed Certificate of Service, and that such service has been placed with the United States Postal Service via First Class Mail through the prison depository, all as verified, documented, and timely.

4. Petitioner avers that all matters placed before this Honorable Court shall stand as true and correct, as Petitioner presents this formal Petition with umberrima fidae, in good faith and with proper and appropriate intention to resolve such matters amicably and without the need for further adjudication.

5. Petitioner seeks GRANT of Waiver and Disposition on all such related encumbrances associated with the above-styled criminal case, including, waiver of all fines, levies, obligations, arrears, and disposition of any pending or current Warrant, Detainer, or outstanding Order, and that such waiver and formal disposition be extended to this Defendant upon consideration for his current term under the bondage of incarceration with the Federal Bureau of Prisons, upon his status under poverty and indigency, and finally, in realizing that this Defendant will be subject to the monitoring and review of the United States Office of Probation upon his post-incarceration term under Supervised Release.

6. Petitioner affirms that, in accordance with Federal Bureau of Prisons' policy and procedure, any outstanding warrant, detainer, or State-related decree shall result in an imposition to that Defendant by precluding him from a multitude of programs and opportunities that will greatly effect his rehabilitative effort, including, ineligibility for certain addictive-behavior programming, ineligibility for earlier release to halfway house, and ineligibility to transfer to a lower security prison facility, all as resulting in tremendous hardship.

7. Petitioner avers that, upon his own release plans, such impass will result in an inability to secure gainful employment that is currently assured upon an earlier release date. Should this Petitioner be remanded or delayed from such release due to the pending encumbrances, it will have an emotional and an economic impact on his own family and loved ones.

8. Petitioner affirms that, his prison administration will remove all such restraints and conditions upon his ability to produce, from your Honorable Court, a Letter of Disposition showing case closure and satisfaction of all encumbrances.

9. Petitioner avers that he is currently without control or access to any formal income while under the bondage of incarceration, and as such, shall remain under the status of Indigency and Poverty, as provided under formal Affidavit.

10. Petitioner avers that, throughout his entire term of imprisonment, he has maintained status as a "model inmate" with no infractions or violations, and has established a sound and formidable rehabilitative record and standing.

11. Petitioner avers that, throughout his tenure within the prison system, he has participated in a myriad educational programming, and he has enrolled and completed a multitude of skills-building coursework, all in an effort to assure a successful transition and re-entry back to society and his community.

12. Petitioner affirms that, throughout his term of incarceration, he has maintained full time and gainful employment despite receiving virtually no income, yet he has achieved a consistent and on-time work routine, and he has received the highest commendations from his employers and supervisors.

13. Petitioner attests that, throughout his term of imprisonment, he has spent a significant number of hours teaching, tutoring, and assisting other at-risk inmates as they enter or prepare to depart the system. His focus has been to assist others to achieve their goals and to expedite their own rehabilitation.

14. Petitioner avers that he has explored and studied an extensive number of books, literature, and materials pertaining to healthy and responsible life lessons, all in striving to overcome any former criminal thinking or risk-relevant behavior.

15. Petitioner avers that, upon returning to his home and his community, he will immediately enroll with a support group to continue his rehabilitative effort, and in addition, he will engage with a voluntary group or charity to provide community support to those who may learn from this Petitioner's experience.

16. Petitioner avers that upon his return home, he will be surrounded by a loving and supportive family, and he will reside in a healthy and safe home environment where he intends to rebuild as a positive and productive person.

17, Petitioner avers that the above-styled infraction was dated back to a 1965 charge for an act of "indecent exposure" to which such charge was never processed and such conviction was never initiated, however, such record has remained as an outstanding, undischarged, and pending condition that may qualify as either a "Warrant, Detainer, Charge, Fine, Encumberance, or Record."

# MEMORANDUM OF LAW

LET THIS HONORABLE COURT TAKE NOTICE THAT;

Under the conditions set forth and prescribed through the Interstate Agreement on Detainers Act (IADA), such Agreement applies to persons who remain under the bondage of incarceration within a penal or correctional institution, and who shall be subject to certain Constitutional rights, and specifically addressed within the Fifth and Sixth Amendment, to move toward resolve and resolution of any and all outstanding, pending, or current conditions or impositions placed against that individual which may further hinder his due process rights or personal liberties. See; United States vs Reed, 620, F2nd., 709, 711 (1980), also see; United States vs Evans, 423, F.Supp., 528, 531, (1976).

Said "Agreement" shall apply to "Detainer" or "Pending" conditions that name either; indictment, information, charge, summons, or complaint, and to which, such condition shall merit a Defendant's right to trial or hearing in a manner that shall be prescribed as "Speedy", all as set forth upon Articles III(a) and IV(a) requiring a period to enact such hearing within One Hundred and Eighty (180) days from the date of official filing and notice of the IADA Petition. See; Reed, supra., also see, Carchman vs Nash, 473, U.S., 716 (1985).

Upon the court providing such remedy, a Defendant shall then be entitled to formal extradition at the court's expense, and to appear in habeas corpus before such tribunal, all toward a speedy and efficient adjudication of pending charges. See; United States vs Mauro, 436, U.S., 340, (1978).

Such Agreement shall trigger a writ of habeas corpus ad prosequendum in order to obtain custody and to meet such provisions of the Act. That such Act shall provide a remedy toward ad testificandum in order to resolve and rectify the outstanding condition, or to force official discharge and disposition of all such related-charges, including the waiver and disposition of any and all outstanding warrants, detainers, fines, encumbrances, levies, charges, indictments, information, or the like. See; Carmona vs Warden, 549, F.Supp., 621, (1982), also see; Walker vs King, 448, F.Supp., 580, (1978).

Under such "Speedy Trial Act of 1974", and as prescribed upon Title 18 U.S.C Section §3161(j), the Court shall have a duty to lift all encumbrances and release the Defendant immediately upon the exhaustion of the 180 day enactment. See; United States vs Odom, 674, F2nd., 228, 231 (1982), also see; Odom, supra. at 232. That such law and condition shall apply in this instant case as a Constitutional right to due process.

DECLARATION AND DECREE

FORMAL AFFIDAVIT OF INDIGENCY AND POVERTY:

I, Roger Dean Matice, Affiant, hereby declare and decree that, I am devoid of all necessary financial assets, income, or earnings, and currently have no control over my ability to earn an income while under the bondage of incarceration with the Federal Bureau of Prisons, and that I affirm, attest, and aver that I have and hold no such named property, including, no viable or worthy assets in which to support any financial obligation, all as meeting a condition of indigency and poverty, thus precluding me from any ability to satisfy court costs, financial obligations, fines, encumberances, debts, arrears, or other obligations as prescribed herein;

CURRENTLY I HOLD NO ASSETS INCLUDING NO;

| | |
|---|---|
| Homes or Property | $-0- |
| Automobiles | $-0- |
| Savings | $-0- |
| Investments | $-0- |
| Income | $-0- |
| Rental Income | $-0- |
| Other | $-0- |
| Total | $-0- |

WITH MY HAND AND SEAL UPON UNSWORN DECLARATION,

FURTHER AFFIANT SAYETH NAUGHT: x [signature] 3/30/2017

ROGER DEAN MATICE, AFFIANT

FORMAL VERIFICATION AND JURAT

WITH MY HAND AND SEAL;

I, the undersigned Affiant, and as named Petitioner to this cause, hereby declare and decree, under penalty of perjury, that the proceeding and inclusive Argument and Fact, as presented within the foregoing document, shall stand as true and correct to the best of my knowledge and belief, and in witness of knowing the law of bearing false statements before my creator and fellow man, I place this conveyance before the Honorable Bench with umberrima fidae, all in good faith and with proper and appropriate intention, and upon the authority of Title 28 U.S.C. Section §1746 as unsworn declaration, and in accordance with, and pursuant to, judicial and judiciary procedure as further prescribed under §§1731-1960 thereof;

RESPECTFULLY SUBMITTED ON THIS DATE: March 30, 2017, 2017 anno domini

FURTHER AFFIANT SAYETH NAUGHT: x [signature]

ROGER DEAN MATICE, PETITIONER (Defendant)
Federal Identification: 47448-379
Federal Correctional Institution 6-12
P.O. Box 9000
Seagoville, Texas 75159

Roger Matice 47448-379
FCI Seagoville G-12
. Box 9000
Seagoville, TX 75159-9000

31 MAR 2017 PM 7 L
3/31/2017
PAC






⇔47448-379⇔
Linn County Dist Court
51 3RD Avenue BRG
Cedar Rapids, IA 52401-1705
United States

52401-170551

**CLERK OF DISTRICT COURT**
LINN COUNTY COURTHOUSE
P.O. BOX 1468
CEDAR RAPIDS, IA 52406-1468

Hasler
04/04/2017
US POSTAGE
FIRST-CLASS MAIL
$00.67[0]
ZIP 52401
011D11628408

U.S. District Court Clerk
101 1st St. S.E. #313
Cedar Rapids, Iowa
52401



52401$1205 C001