# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ROGER DEAN MATICE,

    Plaintiff,

vs.

UNNAMED,

    Defendant.

No. C17-0022-LRR

**ORDER**

---

    The matter before the court is the plaintiff's "complaint." The clerk's office filed such complaint on April 7, 2017. The plaintiff did not submit the required filing fee or an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, the plaintiff's "complaint" does not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required,

each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity. Here, it is difficult to discern what federal claim, if any, the plaintiff is actually asserting in his pleading. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (explaining that a complaint cannot be so underdeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Federal Rule of Civil Procedure 8). Consequently, the court is unsure what type of action, if any, that the plaintiff is trying to commence. In light of the foregoing, this action is dismissed without prejudice.

**IT IS SO ORDERED**

**DATED** this 8th day of August, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA